456

**DARING, TRUSTEESHIP, In Re**

Ohio Appeals, 2nd Dist, Montgomery Co.

No..1641.   Decided June 10, 1940.

Baver & Doan, Miamisburg, for trustee.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of appeal on questions of law from the judgment of the Probate Court of Montgomery County, Ohio.

On December 12, 1939, Harry R. Daring filed in the Probate Court his application to be appointed trustee of and for George A. Daring, beneficiary under the last will and testament of Minnie M. Daring, deceased. At an earlier date the will of Minnie M. Daring was duly admitted to probate in the office of the Probate Court of Montgomery County. Ohio. Harry R. Daring, son of decedent, was nominated in said will as executor of the estate and immediately following the probate of the will duly qualified as such executor. The appellant, George A. Daring, was the surviving husband of decedent and is the appellant in the present action.

The will, in addition to its formal parts, contained three separately numbered items.

Item 1 contained the usual provisions for payment of debts and funeral expenses.

Items 2 and 3 are set forth in full:

"Item 2. I give, devise and bequeath all property, both real and personal of which l may die seized and possessed, to my husband, George A. Daring

Irvin C. Delscamp, Dayton, for appellant.

,for and during the term of his natural life and so long as he remains my widower. Should my said husband re-marry, then I give, devise and bequeath all property, both real and personal, of which I may die seized and possessed to my son Harry R. Daring and his heirs forever. After the decease of my said husband, should he still be my widower, I give, devise and bequeath all my estate remaining to my son Harry R. Daring and his heirs forever.

Item 3. I do hereby nominate and appoint my said son Harry R. Daring Executor of this my last will and testament. No bond shall be required of him as such executor. Said executor shall attend to the affairs of my estate in a good business like manner, and see to it that my said husband, as long as he remains my widower is provided for in the proper manner and that my real estate is kept in reasonable repair and all taxes and insurance paid."

There was also duly probated in connection with the will a codicil, which, in addition to formal parts, contained one item, which reads as follows:

"Item 1. It is my will and I do hereby authorize and order my executor appointed in my last will and testament, should it be necessary for the proper support and maintenance of my said husband, George A. Daring, that he shall sell any and all of my real estate for such maintenance and support, except the home property located at 327 South Fifth St., in the City of Miamisburg, Ohio. Said executor is authorized and ordered to sell said real estate at either public or private sale and to execute and deliver good and sufficient deed."

Harry R. Daring administered the estate, filed his final account as executor, and the same was approved on June 3, 1936. The application of Harry R. Daring for appointment as trustee was made some three years and a half later.

George A. Daring waived the issuance and service of summons, notice and citation on said application and voluntarily entered his appearance On December 20, 1939, George A. Daring duly filed the following motion:

"Now comes George A. Daring and moves the Court to dismiss the application of Harry R. Daring, his son, to be appointed trustee of and for George A. Daring, a beneficiary under the last will and testament of Minnie M. Daring, late of Montgomery County, Ohio, deceased, for the following reasons, to-wit:

**First:** That Minnie M. Daring, in her last will and testament, gave and bequeathed to George A. Daring for and during the term of his natural life, and so long as he remained her widower, all of her property, both real and personal, of which she died seized.

**Second:** That no trustee was named to hold, manage and control the property left to George A. Daring for and during his natural life, and so long as he remained her widower, she never intending to hold her estate in trust for George A. Daring.

**Third:** That the executor, Harry R. Daring, closed said estate by the filing of a Final Account on April 24, 1936, which was approved by the Probate Court on June 3, 1936; and that the said George A. Daring, ever since said time, has collected the rents, paid the taxes and made the repairs on the property which was left to him by the said Minnie M. Daring; and is still capable of continuing the same.

**Fourth:** For all other reasons upon the face of the record.
Irvin Carl Delscamp,
Attorney for George Daring."

On hearing, the motion of George A. Daring was overruled and Harry R. Daring was appointed trustee, as per his application.

Apparently no evidence was taken and the court's action was predicated entirely upon the provisions of the will of Minnie M. Daring, deceased.

Within proper time George A. Daring duly filed his notice of appeal.

The question for determination is purely one of law, and that is whether or not the will of Minnie M. Daring, deceased, under its language provides for the appointment of a testamentary trustee.

We understand the property involved is real estate.

It is conceded by counsel on both sides that the intent of the testatrix is controlling.

The authorities supporting the proposition that the word "trustee" need not be mentioned in the ▮▮ will, but if by taking the testamentary instrument by its four corners the intent for the appointment of a trustee is manifest, then the appointment would not only be warranted but demanded. In determining this question we are necessarily limited to a consideration of Items 2 and 3 of the will and Item 1 of the codicil.

Item 2 of the will in very clear language creates a conditional life estate in the husband, George A. Daring, in all property, both real and personal, remaining after the payment of debts and so forth, as provided for in Item 1. This life estate has a condition that it shall only inure so long as George A. Daring remains unmarried. Following the marriage or death of George A. Daring the remainder passes to decedent's son, Harry R. Daring, and his heirs forever. Nothing is contained in Item 2, either directly or inferentially, suggesting a trustee.

We next inquire whether or not Item 3 contains any provision indicative of an appointment, essential or necessary, to carry out this said Item 3.

The first paragraph of Item 3 in very clear and explicit terms appoints testatrix's son, Harry R. Daring, as executor.

A second short paragraph provides that he shall not be required to give bond.

The next paragraph refers to several questions, and in the interest of a correct analysis, may be broken down.

The first one line and a half reads as follows:

"Such executor shall attend to the affairs of my estate in a good business like manner."

This adds nothing to the legal requirement under the will. Every executor by reason of his appointment is expected to attend to the affairs of the estate in a business life manner.

Then follows:

"And see to it that my said husband as long as he remains my widower is provided for in a proper manner."

It is doubtful if this language adds any legal requirement. Certainly it would not require the appointment of a trustee in order that the son could see that his father was cared for in the proper manner. If the income from the entire estate, after the payment of debts and so forth, would adequately and properly support the husband, nothing more would be required.

If the income from such estate should not be adequate then the claim might arise that the son should contribute from his reversionary interest towards such support.

It is even doubtful if the language would have such legal effect.

Then follows this language:

"And that my real estate is kept in reasonable repair and all taxes and insurance paid."

The law casts upon the holder of the life estate the obligation to make ordinary repairs and to pay all taxes. Ordinarily, failure to do so would constitute waste, with the effect that the life tenant would be ousted and the remainderman or reversionary interest would immediately take possession. We are unable to glean from this language that it was the intent of the testatrix that the trustee should take charge

of the property, collect the income therefrom, pay out the expenses of repair, tax and insurance charges, and distribute the balance to the life tenant. The contention might be made, although extremely doubtful, that this obligation would rest upon the son as remainderman and reversionist to make the repairs and pay the tax and insurance charges.

Ordinarily, the life tenant is not required under the law to keep the premises insured. This obligation rests upon the holder of the fee.

"In the absence of anything that requires it in the instrument creating the estate, or of any agreement to that effect on the part of the life tenant, he is not bound to keep the premises insured for the benefit of the remainderman." 17 Ruling Case Law, page 642, Section 32; 33 L. R. A. 239.

We can see nothing under this Item 3 of the will even suggesting an intent for the appointment of a testamentary trustee.

We now pass to Item 1 of the codicil, heretofore quoted in full.

This codicil emphasizes a desire on the part of the testatrix that her surviving husband should have proper support and maintenance. The provision contained in this item for the sale of real estate is for the sole purpose of providing the husband proper support and maintenance. Every provision contained in this item of the codicil is for the interest of the husband. We can see no useful purpose in appointing a trustee at this time to await the contingency, if it ever arises, that the sale of the real estate is necessary to support the husband. If the contingency does arise, the son and husband can convey good title by executing a joint deed. If the husband's additional need for support should arise, he might, under proper showing, compel the sale of the property. The mechanics under which this might be done, if the son refuses to co-operate, would be the appointment of an administrator de bonis non with the will annexed, to carry out this provision

We are constrained to the view that the Probate Court was in error in construing the will of Minnie M. Daring, as implying an intent for the appointment of a testamentary trustee.

Therefore the judgment of the Probate Court will be reversed and the cause remanded with instructions to remove the trustee and sustain the motion of George A. Daring that the application for such appointment be denied.

Entry may be drawn accordingly.

HORNBECK, PJ. & GEIGER, J., concur.